**Anne C. Beles Bar No. 200276**
1 Kaiser Plaza, Suite 2300
Oakland, California 94612
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorney for *Defendant Jose Alonza*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| United States of America, | No. CR 18-0299-03 SI |
|---|---|
| *Plaintiff,* | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| JOSE ALONZO HERRERA | Date: January 13, 2020<br>Time: 11:00 a.m. |
| *Defendant.* | |

### I. Introduction

Jose Alonzo Herrera pleaded guilty to Counts 1 and 2 of the Superceding Indictment on July 12, 2019 pursuant to a written Plea Agreement pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant Herrera agreed that a reasonable sentence under the United States Sentencing Guidelines and 18 U.S.C. §3553(a) is 60 months of imprisonment, a 4-year term of supervision, a $200 special assessment and a fine to be determined by the Court.

Defendant Herrera agrees with the Presentence Report's Guidelines calculation and the Advisory Guidelines range. Defendant Herrera further agrees with the PSR that he is eligible for the Safety Valve (under the new First Step Act), and that the factors under §3553(a) merit a downward

variance. Defendant Herrera thus requests 60 months imprisonment.

## II. Eligibility for the Safety Valve

The offenses to which Defendant Herrera carry a 10-year mandatory minimum. However, Defendant Herrera is eligible for the Safety Valve under the First Step Act, and its attendant changes.

Herrera is technically a Criminal History II, under the USSG. This accounts for a single Driving Under the Influence conviction in Alameda County in September 2016. For that, Mr. Herrera was put on a three-year court probation. Under USSG §4A1.1(c), one point is counted for the DUI, and an additional two points are added for being on probation (USSG §4A1.1(d)).

As accurately stated in the PSR, the First Step Act altered the requirements to meet the Safety Valve exception to the mandatory minimum. Under 18 U.S.C 3553(f), offenders with up to four criminal history points are now eligible. Mr. Herrera has a total of 3 criminal history points and meets all of the other criteria. Therefore, he is eligible for a Safety Valve sentence of less than ten years.

## III. 18 U.S.C. §3553(a) Factors

Defendant Herrera acknowledges the seriousness of the offenses, the deterrence factor and the need to protect the public from drug offenses.

Defendant Herrera emphasizes "the history and characteristics" of himself, not as an excuse for his offenses, but as factors that warrant a downward variance to the recommended sentence of 60 months imprisonment.

Herrera was born in Durango City, Mexico and was raised there by his mother in poverty until age 9. He then moved to the United States and first met his father. He lived in the Tenderloin and Mission neighborhoods of San Francisco since his arrival in the U.S. Once in the U.S., Herrera grew up with an alcoholic and abusive father. Mr. Herrera, in fact, took on the role of "head of household"

because of his father's absence. Herrera seemed set upon being the supporter (financial and emotional) of his family from a young age.

As evidenced by his work history, Mr. Herrera always worked. He worked construction and scaffolding throughout his life. At this, Herrera succeeded.

However, Mr. Herrera is an alcoholic and a user of cocaine.[1] He has been unable to silence that demon, despite repeated attempts at recovery. As this Court well knows from the custodial change in this case, Mr. Herrera still struggled with relapse during the pendency of this case, despite the upcoming birth of his child. He is very much interested in substance abuse treatment while imprisoned.

Mr. Herrera also anticipates being deported to Mexico after his period of imprisonment.

### IV. Conclusion

It is for these reasons that Mr. Herrera respectfully requests that this Court impose a sentence of 60 months in prison, to be followed by four years of supervised release and a $200 special assessment. We agree with the Government that "[s]uch a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing."

Anne C. Beles
Attorney for *Defendant Jose Alonzo Herrera*

---

[1] Counsel mentioned one correction to the probation officer in an informal conversation that did not make it to the final report. Mr. Herrera regularly used cocaine along with his excessive alcohol use, but recalls using methamphetamine only three times. It is of little consequence, but Herrera wanted to be clear on this.